

Reyhani
Nemirovsky LLP

*No opposition to this letter motion having been received, the application is granted and the requirement to post a bond is vacated.*

*So ordered)*
*Sweet*
*USDJ*
*11-8-13*
*11-12-13*

Via Email and Fax
(212) 805-7925

November 5, 2013

Honorable Robert W. Sweet
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

*USDC SDNY*
*DOCUMENT*
*ELECTRONICALLY FILED*
*DOC #:*
*DATE FILED: 11-12-13*

*RECEIVED NOV 06 2013 JUDGE SWEET CHAMBERS*

Re:   Bitvestment Partners LLC v. CoinLab Inc., CLI Holdings, Inc., Alydian Inc., Peter Vessenes and John Doe
       Southern District of New York, 13-CV-7632

Dear Judge Sweet:

In furtherance of this morning's TRO hearing, Your Honor advised that the Court would entertain limited briefing as to whether Plaintiff Bitvestment Partners LLC ("Bitvestment") is required to post a bond in connection with the Court's granting of Plaintiff's October 29, 2013 request for a temporary restraining order ("TRO") against Defendants CoinLab Inc., CLI Holdings Inc., Alydian Inc., Peter Vessenes (collectively "CoinLab Defendants") and John Doe (collectively "Defendants").[1]

Plaintiff requests that the Court not require the posting of a bond in this matter because: (1) Defendants never requested a bond despite multiple opportunities to date to make such a request; and (2) the contract between the parties contemplates that no bond should be necessary and precedent in the Southern District of New York has held that such agreements carry weight in setting bond requirements.

The parties were before the Court on two occasions with regard to the TRO at hand - first on October 29, 2013 and again today, November 5, 2013. At neither of these appearances did the Defendants request that Plaintiff post a bond. Furthermore, Defendants neither requested such a bond in their TRO-related submission to the Court on November 4, 2013, nor did they request a bond in their email to the Court on November 1, 2013 regarding the scheduling of the TRO hearing of today. Defendants also have not demonstrated any harm that

---

[1] This action has been stayed regarding Defendants CLI Holdings Inc. and Alydian, Inc.



would result from a lack of bond. *See Aim Int'l Trading, L.L.C. v. Valcucine S.p.A.*, 2002 U.S. Dist. LEXIS 10373, 22-23, 2002 WL 1285557 (S.D.N.Y. June 11, 2002) (noting that District courts in the Second Circuit are vested with wide discretion in determining the amount of the bond that the moving party must post and determining that "in cases where the non-movant has not shown a likelihood of harm, the district court may properly set no bond.") (citing *Doctor's Assocs., Inc. v. Stuart*, 85 F.3d 975, 985 (2d Cir. 1996)); *see also Corning Inc. v. PicVue Elecs., Ltd.*, 365 F.3d 156, 158 (2d Cir. N.Y. 2004) (noting that the district court has discretion to decide that, under the circumstances, no security was required, provided it makes this determination before entering the preliminary injunction).

Defendants' failure to request a bond is a recognition of the fact that the Amended Agreement between the parties dated August 14, 2013 specifically provides that upon a breach, Bitvestment is entitled to an injunction "without the necessity of proving irreparable damage or posting a bond." Amended Agreement at 5, ¶ 11. C. Given the agreement between the parties that a bond should not be posted, Plaintiff submits that the Court should utilize its discretion here and decline to set a bond requirement. *See e.g. Singas Famous Pizza Brands Corp. v. New York Adver. LLC*, 2011 U.S. Dist. LEXIS 14524, 38-39 (S.D.N.Y. 2011).

Indeed, in *Singas Famous Pizza Brands Corp.*, the court exercised its discretion and did not require the posting of a bond pursuant to the terms of the parties' contract. 2011 U.S. Dist. LEXIS 14524, 38-39. In that case, the agreement between the parties provided that "the Franchisee agrees that the Franchisor may have such injunction relief without necessity of posting a bond. . . ." Based on that clause, the court held that no bond was required. *Singas Famous Pizza Brands Corp*, 2011 U.S. Dist. LEXIS 14524 (citing *Marsh USA Inc. v. Karasaki*, No. 08-CV-4195, 2008 U.S. Dist. LEXIS 90986, 2008 WL 4778239, at *21 (S.D.N.Y. 2008) ("Moreover, the parties agreed in Section 7 of the RCA that no bond would be required for any temporary or permanent injunction, and the parties may agree to waive the bond requirement."); *Clarkson Co., Ltd. v. Shaheen*, 544 F.2d 624, 632 (2d Cir. 1976) ("[B]ecause, under Fed. R. Civ. P. 65[c], the amount of any bond to be given upon the issuance of a preliminary injunction rests within the sound discretion of the trial court, the district court may dispense with the filing of a bond.").

Given the express contractual terms of no bond requirement, Defendants' failure at any time to request a bond and the analogous precedent of this court, Plaintiff respectfully submits that Your Honor not order Plaintiff to post a bond. Alternatively, if Your Honor still deems a bond necessary, Plaintiff requests that it be set below the $25,000 figure preliminarily indicated in court today.

2



If there are any questions, we can make ourselves available at the Court's convenience.

Respectfully submitted,

/s/ Bryan I. Reyhani

Bryan I. Reyhani

cc: Marco A. Santori, Esq. (via email)
Andrew T. Miltenberg, Esq. (via email)
Danielle Kiwak, Esq. (via email)