

Reyhani
Nemirovsky LLP

Bryan I. Reyhani
212.897.4022
bryan@rnlawfirm.com

<u>Via Fax</u>
(212) 805-6712

November 15, 2013

Honorable Kevin Nathanial Fox
Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   Bitvestment Partners LLC v. CoinLab Inc., CLI Holdings, Inc., Alydian Inc.,
      Peter Vessenes and John Doe
      Southern District of New York, 13 Civ. 7632 (RWS)

Dear Judge Fox:

We represent Bitvestment Partners LLC ("Bitvestment"), the Plaintiff in the above
captioned matter.

In accordance with SDNY Local Civil Rule 37.2, we request a pre-motion
discovery conference with the Court due to a time-sensitive discovery dispute.
Defendants have engaged in repeated delay tactics, despite the Honorable
Robert W. Sweet's expedited discovery order (annexed hereto as Exhibit A), and
now cannot seem to make time for a meet and confer conference, despite
multiple requests from Plaintiff.  Given that the Preliminary Injunction ("PI")
hearing in this matter is scheduled for Wednesday, November 20, 2013, we
respectfully request a pre-motion discovery conference before the Court, to the
extent possible, on Monday morning, November 18, 2013.

By way of background, on October 29, 2013, Plaintiff filed an order to show
cause requesting a TRO against Defendants enjoining, among other things, the
Defendants from their failure to comply with an Amended and Restated Bitcoin
Services Agreement dated August 14, 2013.  At the hearing on October 29,
2013, the Honorable Robert W. Sweet permitted expedited discovery against
Defendants CoinLab Inc., Peter Vessenes (collectively "CoinLab Defendants"),
CLI Holdings Inc., Alydian Inc., and John Doe (collectively "Defendants").[1]  *See*
Ex. A.

---

[1] This action has been stayed regarding Defendants CLI Holdings Inc. and
Alydian, Inc.



Plaintiff issued document requests on November 1, 2013, asking to receive the production on November 8, 2013, as per Judge Sweet's order allowing for expedited discovery.  On November 8, 2013, Plaintiff demanded by letter that Defendants provide expedited discovery in accordance with the October 29, 2013 Order and comply with the TRO by using its best efforts and delivering mined Bitcoins to Bitvestment.  In an email response that day, Defendants informed Plaintiff that they expected to have the discovery responses "for you by Tuesday [November 12] or Wednesday [November 13] at the latest" and further noted that they understood their best efforts obligations.

On November 13, 2013, Plaintiff again demanded that Defendants comply with the TRO, utilize best efforts and deliver Bitcoins to Bitvestment.  In that same letter, we noted that Defendants' fulsome discovery production was expected that day and that, given Defendants' delay in producing responsive documents and information, we intended to seek Court intervention absent anything short of a reasonable production.   That evening, at 7:31 p.m., Defendants' counsel forwarded a draft protective order – 13 days after service of Plaintiff's initial discovery production requests and 5 days after his clients' responses and documents were due.  Defendants did not produce any documents at this time, claiming its entire production was confidential, despite Plaintiff's counsel having already agreed in court fifteen days prior that it would keep confidential documents in confidence.

After continued delay, Defendants finally made an initial production today.  Such production is wholly lacking almost anything relevant for purposes of the PI hearing on November 20.  Defendants also have set forth frivolous objections in an attempt to further stonewall Plaintiff.

Plaintiff requested a meet and confer on November 14.   Defense counsel declined and stated they would be available today.  I called defense counsel this morning in an effort to discuss defendants' discovery obligations and blatant violations.  We have not heard back and have been ignored.

Due to Defendants' unwillingness to comply with the discovery order, their refusal to confer in good faith, and the undue prejudice to Plaintiff if the requested documents are not immediately produced in advance of the PI hearing, this issue is ripe for review.

As set forth above, the PI hearing is scheduled before Judge Sweet for Wednesday, November 20, 2013.  Plaintiff needs these documents in order to properly prepare for the hearing.  Accordingly, Plaintiff requests a pre-motion discovery conference with the Court, to the extent possible, on Monday morning November 18, 2013.



We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Bryan I. Reyhani*

Bryan I. Reyhani

cc:     Andrew Miltenberg, Esq.
        Roger Townsend, Esq.
        Danielle Kiwak, Esq.

# EXHIBIT A

*{Sweet, 5}*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                               :
BITVESTMENT PARTNERS LLC,                      :
                                               :   13 Civ. *7632 (RWS)*
                          Plaintiff,           :
                                               :   **[PROPOSED]**
           -against-                           :   **ORDER TO SHOW CAUSE**
                                               :
COINLAB, INC., CLI HOLDINGS, INC.,             :
ALYDIAN INC. PETER VESSENES and JOHN           :
DOE,                                           :
                                               :
                          Defendants.          :
                                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        Upon the Affidavit of Daniel H. Gallancy, in Support of Plaintiff's

Application for an Order to Show Cause, dated October 28, 2013, the Declaration of

Bryan Reyhani, Esq. dated October 29, 2013 and upon a copy of the Complaint filed

herewith, it is hereby:

        ORDERED that the above-named Defendants show cause before a motion

term of this Court, at Room *18C* United States Courthouse, 500 Pearl Street, in the City,

County and State of New York, on *November 20* , 2013, at *noon* ~~o'clock~~

~~in the~~ thereof, or as soon thereafter as counsel may be heard, why an order

should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure

enjoining CoinLab Inc. ("CoinLab"), CLI Holdings Inc. ("CLI Holdings"), Alydian Inc.

("Alydian"), and Peter Vessenes (collectively, "CoinLab") and John Doe (collectively

"Defendants"), during the pendency of this action, from:



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/29/13

1.       Using Bitcoin mining output for operating expenses and capital expenditures;

2.       Transferring Bitcoins between and among themselves and to any third-parties;

3.       Transferring any other CoinLab assets to any third party, including cash on hand;

4.       Distributing mining equipment to third parties;

5.       Contracting with any other parties to fulfill any other mining obligations; and

6.       Requiring Defendants within 24 hours of being served with the notice to:

      a.  Utilize best efforts and begin to mine and deliver Bitcoins to Bitvestment

      b.  Provide Plaintiff with a comprehensive list of all Bitcoin addresses used by CoinLab and any and all affiliates and employees that mine or have mined Bitcoins since December 13, 2012, regardless of purpose of usage (*i.e.* whether the Bitcoin addresses are in usage for mining or otherwise), as well as the unencrypted private keys associated with those Bitcoin addresses; and

      c.  Immediately identify the John Doe investor by its/his/her name and relevant contact information, including business address, mailing address, email address and telephone.

IT IS FURTHER ORDERED that, based upon the Complaint, the Declaration of Bryan Reyhani, Esq., the Affidavit of Daniel H. Gallancy, and the Memorandum of Law In Support of Plaintiff's Application for a Temporary Restraining Order and Motion for a Preliminary Injunction, and the fact that the Bitcoin currency has significant fluctuation and, as such, cannot be valued easily, and having determined



Plaintiff is suffering, and will likely continue to suffer immediate, imminent and irreparable injury as a result of Defendants' violation of the Amended and Restated Bitcoin Services Agreement dated August 14, 2013, Defendants are temporarily restrained pending the hearing on Plaintiff's application for a preliminary injunction, and enjoined pursuant to Rule 65 of the Federal Rules of Civil Procedure from:



1. Using Bitcoin mining output for operating expenses and capital expenditures;

2. Transferring Bitcoins between and among themselves and to any third-parties;

3. Transferring any other CoinLab assets to any third party, including cash on hand;

4. Distributing mining equipment to third parties;

5. Contracting with any other parties to fulfill any other mining obligations; and

6. Requiring Defendants within 24 hours of being served with the notice to:

    a. Utilize best efforts and begin to mine and deliver Bitcoins to Bitvestment

    b. Provide Plaintiff with a comprehensive list of all Bitcoin addresses used by CoinLab and any and all affiliates and employees that mine or have mined Bitcoins since December 13, 2012, regardless of purpose of usage (*i.e.* whether the Bitcoin addresses are in usage for mining or otherwise), as well as the unencrypted private keys associated with those Bitcoin addresses; and

    c. Immediately identify the John Doe investor by its/his/her name and relevant contact information, including business address, mailing address, email address and telephone number.

3

✓ Security in the amount of $_____ will be posted so—

IT IS FURTHER ORDERED that email service of a copy of this order and

all supporting documents upon Defendants or their counsel on or before __5__ 1 PM

o'clock in the _____October 29_____, 2013 shall be deemed good and

sufficient service thereof; and which service is hereby acknowledged by Defendants.

IT IS FURTHER ORDERED that any responsive papers to this motion by

Order to Show Cause shall be served by email on counsel for Plaintiff and filed with the

Clerk, with a copy delivered to chambers, on or before _____November 8 4_____, at 11:59

5:00 p.m.; and

IT IS FURTHER ORDERED that any reply papers by Plaintiff shall be

served by email on counsel for Defendants and filed with the Clerk, with a copy delivered

to chambers, on or before _____November 9_____, at 5:00 p.m.

Dated:      New York, New York
            October 29, 2013

                                    By: _____Sweet_____
                                         United States District Judge

Both sides are granted
expedited discovery.