UNITED STATES DISTRICT COURT
<u>SOUTHERN DISTRICT OF NEW YORK</u>

| | |
|---|---|
| BITVESTMENT PARTNERS LLC,<br><br>             Plaintiff,<br><br>     v.<br><br>COINLAB, INC., CLI HOLDINGS, INC., ALYDIAN INC., PETER VESSENES and JOHN DOE,<br><br>             Defendants. | 13 CV 7632 (RWS)<br><br>**ANSWER OF DEFENDANTS COINLAB, INC. AND PETER VESSENES** |

      Defendants CoinLab, Inc. and Peter Vessenes (collectively, "Defendants"), through undersigned counsel, hereby answers and submits its affirmative defenses to the Complaint. Defendant responds to each of the numbered allegations as follows:

1. Paragraph 1 sets forth legal conclusions to which no response is required.

2. Defendant CoinLab, Inc. ("CoinLab") admits that it is an incubator of startup businesses that service or relate to the bitcoin industry. As an incubator, CoinLab fosters and supports bitcoin businesses though seed capital, expertise, raising capital and through other means. CoinLab is respected in the bitcoin industry and was an early adopter and supporter of bitcoin businesses. CoinLab denies the remaining allegations in Paragraph 2.

3. Deny. CoinLab has no prior relationship with the entity known as BITVESTMENT PARTNERS LLC. CoinLab denies that Exhibit A is true and accurate copy of that certain August 14, 2013 Amended and Restated Bitcoin Services Agreement.

4. Defendants admit that the August 14, 2013 Amended and Restated Bitcoin Services Agreement exists and that it speaks for itself. Otherwise denied.

5. Defendants admit that the August 14, 2013 Amended and Restated Bitcoin Services Agreement exists and that it speaks for itself. Otherwise denied.

6. Deny.

7. Deny.

8. Deny.

9. Deny.

10. Deny.

11. Deny.

12. Paragraph 12 sets forth legal conclusions to which no response is required.

13. Paragraph 13 sets forth jurisdictional claims and legal conclusions to which no response is required.

14. Defendants admit that the August 14, 2013 Amended and Restated Bitcoin Services Agreement exists and that it speaks for itself. Otherwise denied.

15. Defendants admit that the August 14, 2013 Amended and Restated Bitcoin Services Agreement exists and that it speaks for itself. Otherwise denied.

16. Defendants admit that Defendant Peter Vessenes is the CEO of CoinLab, Inc. and a member of the board of directors of CoinLab Inc.  Defendant Vessenes admits that, in his capacity as corporate representative he signed that certain August 14, 2013 Amended and Restated Bitcoin Services Agreement.

17. Deny.

18. Defendants admit that the August 14, 2013 Amended and Restated Bitcoin Services Agreement exists and that it speaks for itself. Otherwise denied.

19. Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of paragraph 19 of the Complaint, and on that basis deny them.

20. Defendants admit that Peter Vessenes resides in Kitsap, County, Washington and that he is the General Manager of CLI Holdings, Inc. and Chief Executive Officer of CoinLab.  Otherwise denied.

21. Defendants admit that CoinLab, Inc., is a Delaware corporation with its principal place

of business at 900 Winslow Way East, Suite 100, Bainbridge Island, Washington 98110.

22. Defendants admit that CLI Holdings, Inc. ("CLI Holdings") is a Seychelles corporation with operations in Oregon and Washington State.  Otherwise denied.

23. Defendants admit that Alydian is a dba of CLI Holdings, Inc.  Defendants deny the remaining allegations of paragraph 23.

24. Defendant CoinLab, Inc. ("CoinLab") admits that it is an incubator of startup businesses that service or relate to the bitcoin industry.  As an incubator, CoinLab fosters and supports bitcoin businesses though seed capital, expertise, raising capital and through other means.  CoinLab is respected in the bitcoin industry and was an early adopter and supporter of bitcoin businesses.  CoinLab denies the remaining allegations in Paragraph 24.

25. Admit.

26. Defendants admit that Bitcoins are units of "virtual" or "digital" currency that is not controlled by any central bank or government and which allows users to transmit value over the Internet.  Otherwise denied.

27. Deny.

28. Defendants admit the value of Bitcoins can be measured in US Dollars or other sovereign-based currency and the value of Bitcoins has changed over time. Defendants deny the remaining allegations of paragraph 28.

29. Defendants admit that Bitcoin mining is a process by which "Bitcoin miners" help secure the bitcoin network by performing certain highly-specialized cryptographic mathematical work and ensuring that transactions are time-stamped so that users cannot spend bitcoins that they do not possess or control.  In exchange for performing the security work, the bitcoin network issues bitcoins to miners using a lottery system which rewards bitcoin miners based upon the amount of computing power dedicated to the bitcoin mining network.  Otherwise denied.

30. Defendants admit that the owners of bitcoins are maintained in a public transaction ledger known as the "blockchain," which records prior transactions associated with a particular bitcoin. Bitcoins are freely exchangeable for other bitcoins and no bitcoin is worth more than another bitcoin. Otherwise denied.

31. See answer to paragraph 29. Otherwise denied.

32. Deny.

33. Defendants admit that CLI Holdings and its dba Alydian is engaged in bitcoin mining through highly specialized bitcoin mining ASIC chips and "rigs." CoinLab admits that it is not engaged in bitcoin mining. Otherwise denied.

34. Defendants admit that CLI Holdings entered into a contract with Daniel Gallancy in or about December of 2012 and that the document speaks for itself. Defendants deny the remaining allegations of paragraph 34.

35. Defendants admit that CLI Holdings entered into a contract with Daniel Gallancy in or about December of 2012 and that the document speaks for itself. Defendants deny the remaining allegations of paragraph 35.

36. Defendants admit that CoinLab, Inc. entered into a contract with Daniel Gallancy in or about March 2013 and that the document speaks for itself. Defendants deny the remaining allegations of paragraph 36.

37. Defendants admit that CoinLab, Inc. entered into a contract with Daniel Gallancy in or about March 2013 and that the document speaks for itself. Defendants deny the remaining allegations of paragraph 37.

38. Defendants admit that the December 2012 and March 2013 agreements were unassignable without a signed written instrument and that an assignment was executed on or about August 2013. Defendants deny the remaining allegations of paragraph 38.

39. Defendants respond that the Assignment and Assumption Agreement speaks for itself. Defendants deny the remaining allegations in paragraph 39.

40. Defendants admit that CoinLab Inc. and CLI Holdings on the one part and Dalsa

Barbour LLC on the other part, entered into that certain Amended and Restated Bitcoin Services Agreement in or about August of 2013.  Defendants deny the remaining allegations of paragraph 40.

41. Denied.  Paragraph 41 misquotes the Amended and Restated Bitcoin Services Agreement.

42. Defendants admit that Mr. Gallancy was engaged by a third party, Cedar Hill Capital, to conduct due diligence regarding a potential investment in the Alydian bitcoin mining venture.

43. Defendants cannot admit or deny what Mr. Gallancy "determined" and therefore denies the same.  Defendants respond that economics, technology and other forces outside of CoinLab's control changed after August 14, 2013 that rendered Alydian's bitcoin mining project impracticable.  Defendants further respond that it was contemplated that Alydian would sustain its bitcoin mining operation, in part, though the proceeds of bitcoin mining.  Defendants deny the remaining allegations of Paragraph 43.

44. Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of paragraph 44 of the Complaint, and on that basis denies them.

45. Deny.

46. Deny.

47. Deny.

48. Deny.

49. Deny.

50. Deny.

51. Deny.

52. Deny.

53. Admit that Plaintiff declined to approve reasonable capital and operational expenditures.  Defendants otherwise deny the allegations in paragraph 53.

54. Deny.

55. Deny.

56. Deny.

57. Deny.

58. Defendants admit that they delivered no bitcoins to Bitvestment Ventures LLC. Defendants otherwise deny the allegations in Paragraph 58.

59. Defendants admit that CLI Holdings Inc. dba Alydian has operated bitcoin mining rigs and mined bitcoins. Defendants deny the remaining allegations of paragraph 59.

60. Deny.

61. Defendants admit that the speed of the bitcoin mining network is measured in hashes or terra hashes (TH). Defendants deny that they have bitcoin mining capacity deployed since August 2013. Defendants deny the remaining allegations of paragraph 61.

62. Defendants admit that the cost per TH has increased substantially since Gallancy performed due diligence for Cedar Hill Capital. Defendants deny the remaining allegations in paragraph 62.

63. Deny.

64. Deny.

65. Deny.

66. Deny.

67. Deny.

68. Deny.

69. Deny.

70. Deny.

71. Deny.

72. Deny.

73. Deny.

74. Deny.

75. Deny.

76. Deny.

77. Deny.

78. Deny.

79. Deny.

80. Deny.

81. Deny.

82. Deny.

83. Deny.

84. Deny.

85. Deny.

86. Deny.

87. Deny.

88. Deny.

89. Deny.

90. Deny.

91. Deny.

92. Deny.

93. Deny.

94. Deny.

95. Deny.

96. Deny.

97. Deny.

## RELIEF REQUESTED

In response to Plaintiff's claims for relief, Defendant responds that Plaintiff is not entitled to any relief whatsoever, and that judgment may be entered in favor of Defendants and against Plaintiff.

Each and every allegation of the Complaint not specifically or qualifiedly admitted as set forth herein is hereby denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

As their separate defenses and affirmative defense to the Complaint, Defendants assert the following:

1. The Complaint fails to state a claim upon which relief can be granted.
2. Plaintiff has not been damaged by any of Defendant's activities.
3. Plaintiff does not have standing to assert the claims set forth herein.
4. Plaintiff was not in privity with one or all of defendants.
5. Defendants owed no duty to Plaintiff.
6. Plaintiff assumed the risk.
7. Plaintiff's claim is barred by accord and satisfaction through its recovery from the CLI Holdings bankruptcy.
8. Defendants did not breach any agreements with Plaintiff.
9. The Complaint is barred because Defendants' conduct did not actually or proximately cause any of the losses or damages allegedly sustained by Plaintiff.
10. Plaintiff has acted in bad faith.
11. Plaintiff's claim is barred by the duty of good faith and fair dealing.
12. The Complaint fails to state a claim for costs, including attorney's fees.
13. The Complaint fails to state a claim for punitive damages.
14. The Complaint is barred by the doctrines of acquiescence, laches, waiver, and estoppel.
15. The Complaint is barred by the doctrine of unclean hands.
16. The Complaint is barred because the Plaintiff has failed to mitigate its damages.
17. The August 2013 "Amended and Restated Bitcoin Services Agreement" is unenforceable due to a lack of consideration.
18. Defendants do not waive and reserve the right to amend this Answer to assert additional defenses and affirmative defenses.

19. Defendants intend to rely on all other provable defenses developed in discovery and available at trial.

WHEREFORE, Defendants respectfully request that this Court dismiss the Complaint in its entirety with prejudice, award the Defendants their reasonable costs and attorney's fees, and award such other relief as this Court deems just and proper.

DATED:  Seattle, WA
             December 18, 2013

    Respectfully submitted,

    BRESKIN JOHNSON & TOWNSEND PLLC

    By: s/ Roger M. Townsend
        Roger M. Townsend, Admitted *Pro Hac Vice*
        1000 Second Avenue, Suite 3670
        Seattle, WA 98101
        (206) 652-8660
        rtownsend@bjtlegal.com

        SUSMAN GODFREY L.L.P.
        Seth Ard
        560 Lexington Avenue, 15th Floor
        New York, NY  10022
        Phone:  (212) 336-8330
        sard@susmangodfrey.com

        NESENOFF & MILTENBERG LLP
        Marco Santori
        363 Seventh Avenue, 5th Floor
        New York, NY 10001
        Phone: (212) 736-4500
        msantori@nmllplaw.com

        *Attorneys for Defendants CoinLab, Inc. and Peter Vessenes*