Sweet, R.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
BITVESTMENT PARTNERS LLC,

                             Plaintiffs,

          -against-

COINLAB, INC., CLI HOLDINGS, INC., ALYDIAN
INC., PETER VESSENES and JOHN DOE,

                             Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

JUDGE SWEET CHAMBERS

13 CV 7632 (RWS)

**STIPULATED PROTECTIVE ORDER**

WHEREAS, the parties hereto have requested that the Court issue a protective order to protect the confidentiality of (1) non-public and sensitive financial and other information that may need to be disclosed to adversary parties in connection with discovery in this action; and (2) non-public and sensitive financial and other information that may need to be disclosed to the parties by non-parties, and having stipulated to the entry of an order in the form of this Order, and the Court having found good cause for the issuance of a confidentiality order;

IT IS HEREBY ORDERED THAT:

1. Any party, or any non-party required to produce documents, testimony or other information, may designate all or portions of any deposition transcript, information, materials or documents produced or furnished by that party pursuant to discovery or otherwise during the course of this litigation as "Confidential."

2. A designation of "Confidential" shall constitute a representation by the party and/or its counsel (or a subpoenaed non-party or its counsel) that they, in good faith, believe that the material so designated contains or constitutes at the time of the designation: (a) personally or financially sensitive information and/or other information of a non-public



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-6-14

nature considered by the producing party to be sensitive, confidential and/or proprietary; or (b) other competitively sensitive or proprietary marketing, financial or commercial information.

3. Any document or transcript or portion thereof, whether an original or copy, including any exhibits, answers to interrogatories and other written discovery responses, as well as physical objects, recordings or things that any party deems to contain Confidential information shall be labeled by such party (or subpoenaed non-party) on each document or on such physical object with the designation "Confidential." In lieu of marking this notation on the originals of documents, the party (or subpoenaed non-party) may mark the copies that are produced. All Confidential information not reduced to documentary, tangible or physical form, or which cannot be conveniently labeled, shall be so designated by informing the recipients in writing that the information constitutes Confidential information. Data produced in electronic form may be designated as Confidential information if the supplying party (or subpoenaed non-party) identifies the applicable designation to be assigned to each electronic file.

4. If a party wishes to file any pleading, motion or other document with the Court in this action that discloses Confidential information other than such information produced by the filing party, the filing party shall (a) as to any subpoenaed non-party, file such Confidential information under seal; and (b) as to the parties to the action, first give notice thereof to the producing party, which notice must specify the Confidential information to be filed and shall be provided at least five business days prior to the filing of such information, except that if it impossible or impractical to give five business days notice, the filing party shall give as much notice as possible to allow the producing

party's counsel the opportunity to seek an order of the Court receiving and placing such material under seal. If a party seeks to file any pleading, motion or other document that discloses Confidential information that the filing party produced and so designated, it may, prior to filing the document, seek an order of the Court receiving and placing such material under seal. The refusal, in whole or in part, of the Court to grant an order requiring documents to be filed under seal shall not affect a party's ability to file the material at issue with the Court. Confidential information may be used only in connection with the prosecution or defense of the above-captioned captioned action or any subsequent action involving the named parties or subpoenaed non-parties and shall not be used for any other purpose whatsoever. Except to the extent it is disclosed at any stage of this action in open court or by any decision rendered by the Court, all Confidential information shall be kept by the other parties in this case in a confidential manner, and shall not be given, shown, disclosed, disseminated or described, directly or indirectly, to any person(s) other than those set forth in paragraph 5 hereof.

5. The following persons shall be the only persons (hereinafter "Qualified Persons") who will be permitted to have access to Confidential information:

A. Counsel for the parties in this case, including both outside and in-house counsel and such lawyers' staff to whom it is necessary that materials be disclosed for purposes of this litigation, including secretaries, paralegals and document clerks;

B. Any director or officer of a party;

C. Independent experts or consultants retained by counsel for the purpose of assisting in this litigation, but only to the extent necessary for such expert or consultant to perform his assigned tasks in connection with this litigation;

    D.    Any non-party witness in preparation for their deposition or testimony at trial or a hearing in this litigation;

    E.    As to any document, its author, addressee, and any other person indicated on the face of the document as having received a copy;

    F.    Certified translators or experts retained regarding translations.

    G.    The Court and its personnel; and

    H.    Court reporters or stenographers.

6. All persons receiving any Confidential information under paragraphs 5(c), (d) or (f) shall sign Non-Disclosure Acknowledgments in the form annexed as an Exhibit hereto. Counsel for each party shall maintain copies of all such Non-Disclosure Acknowledgments.

7. A party (or a subpoenaed non-party) may designate some or all of the transcript of a deposition as Confidential by indicating on the record at the deposition that the testimony contains or reflects Confidential information or by notifying all parties in writing, within 10 days of receipt of the transcript, of the specific pages and lines of the transcript which are Confidential. Each deposition shall be treated as Confidential information for a period of 10 days after a full and complete transcription of such deposition is available.

8. A receiving party's agreement to treat designated material as Confidential shall not be construed as an admission or agreement by that party that the designated information is properly designated as Confidential.

9. Provisions of this agreement shall not apply to any material designated as Confidential at the time of production but which is or was: (i) public knowledge so long as it becomes so not in violation of this confidential relationship; (ii) is lawfully acquired by the non-

4

designating party from a person or entity not a party to the confidentiality stipulation but that has the right to disclose and possess such information; and/or (iii) was lawfully possessed by the non-designating party, prior to the entry by the court of the confidentiality stipulation.

10. In the event that a party (or a subpoenaed non-party) inadvertently fails to stamp or otherwise designate a document or other information as Confidential at the time of its production, that party (or a subpoenaed non-party) may thereafter as soon as practicable designate the document or other information as Confidential. The party receiving such subsequent designation shall immediately give notice thereof to each person, if any, to whom the previously undesignated document or other information was in the interim disclosed, shall diligently attempt to retrieve all copies of the documents or information distributed to persons other than Qualified Persons, and thereafter such document or information shall be subject to the provisions of this Confidentiality Agreement.

11. Within sixty (60) days after the final conclusion of this litigation, including all appeals, the parties shall destroy all originals and/or copies of each document or object that another party (or a subpoenaed non-party) has designated as Confidential, and shall provide the opposing party (or a subpoenaed non-party) a letter from counsel confirming the destruction; provided, however, that counsel may retain their attorney work product and all court-filed documents even though they contain or describe Confidential Information. In the alternative, the Confidential information may be returned to the party (or a subpoenaed non-party) that designated it as Confidential.

12. In the event that any party (or a subpoenaed non-party) to this litigation disagrees at any stage of these proceedings with the designation of Confidential information, the parties

(or a subpoenaed non-party) shall try first to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party opposing Confidential treatment may apply to the Court, upon notice to the producing party or subpoenaed non-party, for an order determining whether the information is "Confidential." Pending the resolution of any such dispute, the parties agree to treat the information that is the subject of the dispute as designated by the supplying party (or a subpoenaed non-party).

13. Nothing shall prevent disclosures beyond the terms of this Confidentiality Agreement if the party that designated the information as Confidential consents to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

14. If any person possessing Confidential information is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document demand seeks Confidential information, the person receiving the subpoena or document demand shall give prompt written notice to counsel for the party that produced the Confidential information (or counsel for a subpoenaed non-party) and shall, to the extent permitted by law, withhold production of the subpoenaed material until any dispute relating to the production of such material is resolved.

15. This agreement shall only apply to pretrial proceedings and discovery and shall not affect the conduct of the trial. Notwithstanding the foregoing, all information designated as Confidential and produced by a subpoenaed non-party shall be designated as Confidential at trial unless it has been previously determined that such information is not confidential. This agreement shall not govern the treatment of information, materials or documents designated as Confidential at trial. Such treatment shall be subject to subsequent Order of the Court.

16. The entry of this Protective Order does not prevent any party from seeking a further order of this Court pursuant to the Federal Rules of Civil Procedure and/or the Local Rules.

17. This Order may be executed by each party separately.

18. This Protective Order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement in this action.

DATED: 11/14/13

Plaintiff

By: /s/ Bryan Reyhani
Bryan I. Reyhani, Esq. (BR-9147)
200 Park Ave., 17th FL
New York, NY 10166
Tel: (212) 897-4022

Attorneys for Plaintiff Bitvestment Partners LLC

DATED: 12/18/13

Defendants

By: _____
Marco A. Santori, Esq. (MS-7422)
Nesenoff & Miltenberg, LLP
363 Seventh Avenue – Fifth Floor
New York, NY 10001
Tel: (212) 736-4500
Fax: (212) (736-2260

Attorneys for Defendants CoinLab Inc., ~~CLI Holdings, Inc., Alydian, Inc.~~ and Peter Vessenes

SO ORDERED:

_____
12-24-13

7

## NON-DISCLOSURE ACKNOWLEDGMENT

The undersigned has been provided with a copy of the foregoing Stipulated Protective Order, has had an opportunity to review it, and is fully familiar with all of its terms. By executing this Acknowledgment, the undersigned agrees to be bound by the terms of the Stipulated Protective Order.

Print name: _____

Address: _____

_____

_____

Date signed: _____