**UNITED STATES DISTRICT COURT**
<u>**SOUTHERN DISTRICT OF NEW YORK**</u>

| | |
|---|---|
| BITVESTMENT PARTNERS LLC, <br><br>　　　　　　　　　Plaintiff, <br><br>　　v. <br><br>COINLAB, INC., CLI HOLDINGS, INC., ALYDIAN INC., PETER VESSENES and JOHN DOE, <br><br>　　　　　　　　　Defendants. | 13 CV 7632 (RWS) <br><br>**SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

## I.　　INTRODUCTION

　　Defendant CoinLab, Inc. and Peter Vessenes respectfully request that the court deny Plaintiff's Motion for a Preliminary Injunction.  Per the stipulation of the parties and the Court's order, Defendants provide no additional evidentiary submissions and do not reiterate the written opposition previously submitted to the Court (Dkts 13-15).  In support of the proposed findings of fact and conclusions of law, however, Defendants provide the foregoing additional information for the Court's consideration.

　　As the Court is aware, preliminary injunctions are disfavored and should be denied absent a clear (1) showing of irreparable injury <u>and</u> (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and the balance of hardships tipping in favor of the movant.  Plaintiff's motion fails in both respects.

　　First, Plaintiff cannot show irreparable injury or the appropriateness of specific performance.  Plaintiff presented no evidence that bitcoins are unique or that its alleged damages cannot be satisfied through a money damages award after trial.  It is undisputed that bitcoins are a digital *currency* that can be exchanged for dollars or other sovereign currency.

As a matter of Fed. R. Civ. P. 65 and specific performance contract damages law, it is well established that money damages do not warrant preliminary injunctive relief and Plaintiff has shown no exception to that rule. For this reason alone, Plaintiff's motion should be denied.

Second, Plaintiff's breach of contract claim fails in multiple respects. Plaintiff grossly overreaches in its demands under the contract. Under clear New York law, the contract and the best efforts standard do not require Defendants to engage in business models or enterprises that are – in their good faith business judgment – likely to result in bankruptcy.

Plaintiff further conflates the issues at bar by stating that it has made a claim in the bankruptcy of CLI Holdings, Inc. dba Alydian, Inc. (hereinafter "Alydian") and alleged that, in one single month, Alydian had a positive cash flow. However, cash flow in a single month does not mean that the business is sustainable or will return any positive return on the invested capital. In fact, the capital and operational expenses for Alydian to design, manufacture and maintain its bitcoin mining activities have exceeded the <u>value</u> of the bitcoins mined. The shortfall is due, *inter alia*, to the dramatic and unexpected increase in the speed of the bitcoin mining network rendering manufacturing and deploying bitcoin mining rigs – Alydian's means for mining bitcoins – an unsustainable business enterprise. The Alydian bankruptcy is significant in two respects.

First, it provides a direct and detailed data point that bitcoin mining, as exercised by the Alydian team in its good faith, is not a viable business. The agreement contains an express Disclaimer of Warranties providing CoinLab will not have an obligation to mine or deliver bitcoins to Plaintiff in the event that changes in "technology" and "other forces" render performance impracticable. The parties contemplated that the Alydian bitcoin mining enterprise could become impracticable and, in fact, the evidence at the preliminary injunction was uncontroverted that it became impracticable. The agreement does not provide that CoinLab would have to follow the same failed path that the Alydian followed.

Second, the Alydian bankruptcy is significant because Plaintiff made a claim in that proceeding with the expectation that it will satisfy, at least in part, the obligations and liabilities

asserted in the present lawsuit. Alydian, as opposed to CoinLab, has mined bitcoins and those bitcoins are presently subject to the bankruptcy court. If Plaintiff recovers in that venue, there can be no dispute that Plaintiff cannot be paid twice under the same agreement.

Furthermore, the evidence at the Preliminary Injunction Hearing was undisputed that CoinLab is not engaged in the business of bitcoin mining. The witnesses testified that CoinLab was a business incubator that provided support to Alydian in its bitcoin mining operation. Thus, the question at bar is whether the agreement can compel CoinLab to follow the same failed path as Alydian and launch the same expensive and time consuming enterprise that led Alydian into insolvency.

Because this is a money damages case, the Court does not need to address the merits of Plaintiff's claim. If it does, however, it is clear that Plaintiff cannot show a likelihood of success on the merits. Plaintiff submitted only two documents into evidence at the preliminary injunction hearing, neither of which supports the requested relief. The hearing was significant in the complete lack of evidence or support for the proposed relief. For example, Mr. Gallancy testified that he ran financial models of the Alydian bitcoin mining enterprise, but failed to provide those at the hearing or attach the models to his multiple affidavits. Mr. Gallancy, a certified financial analyst, provided no evidence regarding the financial viability or sustainability of bitcoin mining. In fact, Plaintiff provided no evidence to contest CoinLab's contention that launching a bitcoin mining operation would not return capital and operational expenditures.

## II   ARGUMENT

### A. Plaintiff Cannot Satisfy its Burden for a Preliminary Injunction

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1998) (emphasis in original) *quoting* 11A C. Wright, et al., Federal Practice and Procedure §2948 at 129-130 (2d. ed. 1995). A party moving for a preliminary injunction must demonstrate: (1) a showing of irreparable injury and (2) either (a) a

likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and the balance of hardships tipping in favor of the movant.  *MONY Group, Inc. v. Highfields Capital Mgmt., L.P.*, 368 F.3d 138, 143 (2nd Cir. 2004) *citing Forest City Daly Hous., Inc. v. Town of North Hempstead*, 175 F.3d 144, 149 (2nd Cir. 1999).

### B. Plaintiff Claims Are For Money Damages Which Are Not Appropriate For Injunctive Relief.

A showing of irreparable injury is "the most important prerequisite for the issuance of a preliminary injunction."  *Reuters, Ltd. v. United Press Int'l, Inc*., 903 F.2d 904, 907 (2nd Cir. 1990) (internal citations omitted).  Irreparable harm must be shown by the moving party to be "imminent, not remote or speculative[.]"  *Id*.  A court may not simply presume irreparable injury, but must actually consider the injury the plaintiff will suffer if he or she loses on the on the preliminary injunction but ultimately prevails on the merits.  *G.R. v. New York City Dep't of Educ.*, 2012 U.S. Dist. LEXIS 11582, *10-11 (S.D.N.Y. Jan. 31, 2012) *citing Salinger v. Colting*, 607 F.3d 68, 79-80 (2nd Cir. 2010).  An irreparable injury is one that "cannot be redressed through a monetary award."  *Jayaraj v. Scappini*, 66 F.3d 36, 39 (2nd Cir. 1995) (internal citation omitted); *G.R. v. New York City Dep't of Educ.*, 2012 U.S. Dist. LEXIS 11582 at *10; *Sea Carriers Corporation v. Empire Programs, Inc*., 2006 U.S. Dist. LEXIS 83843, *12 (S.D.N.Y. Nov. 21, 2006).  "Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough."  *Jayaraj*, 66 F.3d at 39 *quoting Sampson v. Murray*, 415 U.S. 61, 90 (1974).  "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."  *Id*.  In the present matter, Plaintiff cannot contend that money damages are not sufficient to satisfy the alleged breach.

The evidence at the Preliminary Injunction hearing was uncontroverted: bitcoins can be exchanged on various currency exchanges for dollars, Euros or other sovereign based currency. Indeed, they can be used to purchase goods and services at many retailers.[1] In testimony, Plaintiff's representative, Mr. Gallancy, even conceded that many bitcoin exchanges, where bitcoins could be turned into sovereign currency, existed, and named several.

An irreparable injury is one that "cannot be redressed through a monetary award." *Jayaraj v. Scappini*, 66 F.3d 36, 39 (2nd Cir. 1995) (internal citation omitted); *G.R. v. New York City Dep't of Educ.*, 2012 U.S. Dist. LEXIS 11582 at *10; *Sea Carriers Corporation v. Empire Programs, Inc.*, 2006 U.S. Dist. LEXIS 83843, *12 (S.D.N.Y. Nov. 21, 2006). This Court has affirmed the well-established rule that where monetary damages are adequate compensation, "a preliminary injunction generally will not issue." *Sea Carriers Corp.*, 2006 U.S. Dist. LEXIS 83843 at *15 (denying injunction because restriction on disbursement of funds is one that may clearly be addressed by a monetary award); *see also*, *Wolk v. Kodak Imaging Network, Inc.*, 2011 U.S. Dist. LEXIS 27541 (S.D.N.Y. Mar. 17, 2011) (plaintiff failed to identify why damages cannot be remedied after a final adjudication); *Goldblatt v. Englander Communications, LLC*, 431 F.Supp.2d 420 (S.D.N.Y. 2006) (denying injunction because if defendant's best efforts not successful obtaining trademark registration, plaintiffs may recovery any amount due under contract as monetary damages).

Similarly, Plaintiff seeks delivery of the specified number of bitcoins but Plaintiff cannot meet the standard for specific performance under New York law. If an injury can be appropriately compensated by an award of monetary damages, then an adequate remedy at law

---

[1] On January 9, 2014, another major retailer announced that it was accepting bitcoins in payment for its goods and services: http://www.overstock.com/bitcoin ("You can now buy thousands of Overstock.com products with Bitcoins! We've partnered with Coinbase to become the first major retailer to accept the digital currency. So shop away!")

exists, and no irreparable injury may be found to justify specific relief. *Oracle Real Estate Holdings I LLC v. Adrian Holdings Co.*, 582 F.Supp.2d 616, 625 (S.D.N.Y. 2008) *citing Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393 404 (2nd Cir. 2004); *see also*, *Aristocrat Leisure Ltd. v. Deutsche Bank Trust*, 2006 U.S. Dist. LEXIS 34709, *26 (S.D.N.Y. May 31, 2006) (specific performance is proper where the subject matter of the particular contract is unique and has no established market value). Finding irreparable harm in the loss of contractual rights <u>too</u> readily would effectively replace damages with specific performance as the default remedy for breach of contract, an inefficient result that would risk making even prohibitively expensive performance compulsory. *Id*. (internal citations omitted) (emphasis added). Thus, "not all bargained-for contractual provisions provide a basis for injunctive relief, since a rule to this effect would 'eviscerate the essential distinction compensable and non-compensable harm.'" *Id*. (internal citations omitted). The Second Circuit has noted that before the 'extraordinary' equitable remedy of specific performance may be ordered, the party seeking relief must demonstrate that remedies at law are incomplete and inadequate to accomplish substantial justice. *Aristocrat* at *26.

Under NY law, a party seeking specific performance must demonstrate: 1) there is a valid contract; 2) the moving party has substantially performed under the contract and is willing and able to perform remaining obligations; 3) the opposing party is able to perform its obligations; and 4) the moving party has no adequate remedy at law. *Aristocrat* at *26 n. 11 (internal citations omitted). In making the decision about whether money damages are adequate, a court must consider, among other factors, the "difficulty of proving damages with reasonable certainty and of procuring a suitable substitute performance with a damages award." *Id*. at *28 (internal citations omitted). Here, the value of 7,984.006735 Bitcoins at the time of breach can be established by multiple bitcoin exchanges.

Furthermore, delivery of 7,984.006735 Bitcoins to Plaintiff is not the proper measure of damages in this case. "New York courts are clear that breach of contract damages are measured from the date of breach." *Oscar Gruss & Son v. Hollander*, 337 F.3d 186 (2nd Cir.

2003) *citing Simon v. Electrospace Corp.*, 28 N.Y.2d 136, 145 (1971). "We have also noted that New York courts 'have rejected awards based on what the 'actual economic conditions and performance' were in light of hindsight.'" *Id*. *citing Aroneck v. Atkin*, 90 A.D.2d 966 (4th Dep't 1982). The proper of damages in this case would be the dollar value of 7,984.006735 Bitcoins at the time of the alleged breach.

Plaintiff in the present matter is a customer that seeks "bitcoins mined" pursuant to an alleged breach of contract. Plaintiff alleges that CoinLab has assets and, therefore, admits it could satisfy any money damages judgment in the unlikely event Plaintiff prevailed at trial. Complaint at ¶ 2. There is no dispute that Bitcoin is currency that is measurable in U.S. dollars. At least one federal district court has stated that "Bitcoin is an electronic form of currency." *SEC v. Shavers*, 2013 U.S. Dist. LEXIS 110018, *2 (E.D.Tex. Aug. 6, 2013). The United States Department of the Treasury, Financial Crimes Enforcement Network (FinCEN) has issued a seminal guidance that bitcoins are a "virtual currency." (http://fincen.gov/statutes_regs/guidance/html/FIN-2013-G001.html) This case is not an irreparable injury that "cannot be redressed through a monetary award" and the preliminary injunction should be denied. If Plaintiff prevails at trial, then money damages are readily calculable in U.S. Dollars.

**C. Plaintiff Cannot Demonstrate that CoinLab Breached the Agreement.**

A party seeking preliminary injunctive relief must also demonstrate a likelihood of success on the merits or at least "sufficiently serious questions going to the merits to make them a fair ground for litigation" and the balance of hardships tipping decidedly in the movant's favor. *Salinger*, 607 F.3d at 80. Defendants previously briefed its defenses to the claim of breach. Namely, there are serious questions going to the merits of Plaintiff's claim in the following respects:

Under Plaintiff's theory, the Amended Agreement provides that CoinLab must deliver "bitcoins mined." However, the evidence was undisputed that Alydian is in the business of mining bitcoins and CoinLab is not. CoinLab has bitcoins, but they are not the result of mining

and do not qualify as "bitcoins mined" under the Amended Agreement. Thus, the only question at bar is whether CoinLab breached its alleged obligation to use best efforts to mine bitcoins. In this regard, the evidence at the Preliminary Injunction was uncontroverted that bitcoin mining would not and does not return capital and operational expenditures and that CoinLab, exercising its business judgment and applying the best efforts standard, is not required to engage in a business enterprise that it knows – from direct experience – will likely result in a filing for bankruptcy.  Plaintiff mischaracterizes the best efforts standard and the business judgment rule.  In its prior submission (Dkt. # 13), Defendants submitted New York case law providing that the best efforts standard does not require a party to forego its business judgment or bankrupt itself to satisfy a best efforts provision.  CoinLab, like Plaintiff, has every incentive to engage in bitcoin mining if it would return capital and operational expenditures and not lead CoinLab into bankruptcy.  Like Plaintiff and based on its own experience with Alydian, CoinLab has made the good faith decision not to launch a bitcoin mining operation.

As the Court has acknowledged, the "Disclaimer of Warranties" provides an "out clause" for CoinLab.  The Disclaimer states, in all capital letters, that

> SERVICES AND BITCOINS ARE THE RESULT OF RELATIVELY NEW TECHNOLOGIES AND MARKET EXCHANGES AND MAY BE SUBJECT TO FUTURE LAWS, REGULATIONS, CHANGES IN TECHNOLOGY, AND OTHER FORCES, NOT WITHIN COINLAB'S CONTROL, AND THAT SUCH CHANGES COULD RENDER THIS AGREEMENT IMPRACTICABLE OR IMPOSSIBLE TO PERFORM…ALL ASSOCIATED RISKS RESIDE WITH CUSTOMER.

Amended Agreement at ¶10 (emphasis in original).  The plain language of the "Disclaimer of Warranties" in the Agreement is broad.  Plaintiff mischaracterizes the disclaimer of warranty as an impossibility defense under black letter contract law.  To the contrary, the disclaimer of warranties specifically encompasses the understanding of the parties that the bitcoin mining venture was uncertain, risky, and may – based upon changes in technology or <u>other forces</u> – render the project impracticable.  Plaintiff paid $75,000 to invest in a nascent technology in the hope that it would pay off.  It did not pay off for the Plaintiff. Nor did it pay off for the

shareholders or the companies who ran the bitcoin mining operation.

Significantly, Plaintiff refuses to address the actual language of the Disclaimer of Warranties.  Plaintiff focuses on the changes in "technology" and asserts that the unexpectedly fast rate of growth of the bitcoin mining network and increase in expense in designing, manufacturing, deploying and operating bitcoin mining rigs is not a "technology."  The language of the disclaimer is significantly broader and applies in the event of changes to "technology" (including bitcoin mining network speed) as well as "other forces" which could render performance impracticable.

Moreover, the Disclaimer expressly states, in capital letters, that "ALL ASSOCIATED RISKS RESIDE WITH CUSTOMER."  The contract clearly contemplates that Plaintiff's $75,000 was put towards a risky venture and cannot now seek to shift that risk back to CoinLab where CoinLab itself has acted in good faith, within its business judgment, and has lost a significantly greater investment of time and money than Plaintiff.

### D. If the Court issues a Preliminary Injunction, the Fed. R. Civ. P. requires issuance of a bond.

In the unlikely event that the Court grants Plaintiff's Motion for a Preliminary Injunction, the Civil Rules require that Plaintiff post a bond.  Pursuant to the Federal Rules of Civil Procedure 65(c),

> The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained.

(emphasis added).

In the present motion, Plaintiff seeks specific performance and delivery of 7,984.006735 bitcoins to Plaintiff.  Plaintiff has also made a claim for the same amount in the Alydian bankruptcy.  CoinLab respectfully requests that, should the Court issue a preliminary injunction, then it require Plaintiff to post a bond in an amount equal to the U.S. dollar value of 7,984.006735 bitcoins at the time of issuance of the injunction.  The value of the bitcoins should be set at the weighted dollar cost average of bitcoins according to Bitstamp

(https://www.bitstamp.net/) on the day prior to issuance of the injunction.

## IV.     CONCLUSION

For the foregoing reasons and the reasons stated at the Preliminary Injunction Hearing and the submission to the Court, Defendants respectfully request that the Court deny Plaintiff's Motion for a Preliminary Injunction.

DATED:  Seattle, WA
             January 9, 2014

>                              Respectfully submitted,
>
>                              BRESKIN JOHNSON & TOWNSEND PLLC
>
>                              By: s/ Roger M. Townsend
>                                  Roger M. Townsend, Admitted *Pro Hac Vice*
>                                  1000 Second Avenue, Suite 3670
>                                  Seattle, WA 98101
>                                  (206) 652-8660
>                                  rtownsend@bjtlegal.com
>
>                                  SUSMAN GODFREY L.L.P.
>                                  Seth Ard
>                                  560 Lexington Avenue, 15th Floor
>                                  New York, NY  10022
>                                  Phone:  (212) 336-8330
>                                  sard@susmangodfrey.com
>
>                                  NESENOFF & MILTENBERG LLP
>                                  Marco Santori
>                                  363 Seventh Avenue, 5th Floor
>                                  New York, NY 10001
>                                  Phone: (212) 736-4500
>                                  msantori@nmllplaw.com
>
>                                  *Attorneys for Defendants CoinLab, Inc. and Peter Vessenes*